IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Civil Action No. 01-cv-1965-WDM-MJW

JAMES BLUE THUNDER,

 Petitioner,

v.

E.J. GALLEGOS,
E. MAUREEN JANSSEN,
DAVE JOHNSON, and
U.S. PAROLE COMMISSION,

 Respondents.

_____

**ORDER**
_____

Miller, J.

  This matter is before me on the Motion to Reopen and Impeach Judgment and the Motion for Joinder of Remedies, filed June 13, 2005, by petitioner James Blue Thunder. Petitioner has also filed an untitled document in which he requests leave to amend his petition and "replead" pursuant to Fed. R. Civ. P. 15(a). These documents are supported by Petitioner's affidavit.

  In his original habeas petition, filed pursuant to 28 U.S.C. § 2241, Petitioner challenged a 1998 decision by the United States Parole Commission revoking his parole. He asserted, *inter alia*, that the decision was based on false and perjured testimony of two witnesses at the revocation hearing. On May 17, 2002, I issued an order accepting the recommendation of Magistrate Judge Michael J. Watanabe that the petition be denied and

the case be dismissed. With regard to the allegations of perjury, the recommendation observed that the court's narrow review of the Parole Commission's decision did not permit an assessment of the credibility of witnesses. February 13, 2002 Recommendation at 22.

Petitioner filed a number of motions seeking reconsideration of my May 17 order. In one, he claimed to have new evidence of perjury before the Parole Commission. In an order issued November 6, 2002, I denied his motions, reiterating the narrow review of the Parole Commission's decision and finding that Petitioner had not shown that the Parole Commission lacked a rational basis for its actions.

In the current motion to reopen, filed pursuant to Rule 60(b)(6), Petitioner alleges that the Parole Commission's 1998 decision rested on the perjury of yet another witness, respondent E. Maureen Janssen, a United States Parole Officer. He asserts that Janssen falsely testified that a federal prosecution was likely based on the conduct resulting in the revocation of his parole; apparently, Petitioner discovered in September 2004 that no charges had been brought. Affidavit, ¶ 5. Petitioner also contends that Janssen used her false statement to enhance the parole violations from misdemeanors to felonies, resulting in a higher reparole guideline. *Id.* at ¶¶ 8-11.

Rule 60(b)(6) permits the court to relieve a party from a final judgment for "any other reason justifying relief from the operation of the judgment." A Rule 60(b)(6) motion must be made within a reasonable time.[1] Relief under Rule 60(b) "is extraordinary and may only be granted in exceptional circumstances." *Searles v. Dechant*, 393 F.3d 1126, 1131 (10th

---

[1] Unlike motions brought under Rule 60(b)(1), (2), and (3), there is not a one-year time limit for Rule 60(b)(6) motions.

Cir. 2004) (quotation omitted). I may grant relief from judgment under Rule 60(b)(6) "only when it offends justice to deny such relief." *Id.* (quotation omitted).

Petitioner's claims are unavailing. According to the evidence attached to his affidavit, Janssen stated only that a federal prosecution was "likely." The mere fact that charges were ultimately not brought does not make her testimony untrue, and Petitioner has provided no evidence from which I could find that Janssen knew at the time of the 1998 revocation hearing that no prosecution would occur. Further, Petitioner's allegation that Janssen misstated the federal nature and seriousness of the offenses because the Rosebud Sioux Tribe had jurisdiction to prosecute him is incorrect. Any concurrent tribal jurisdiction would not alter federal law permitting federal prosecution.

As discussed in Magistrate Judge Watanabe's recommendation and my orders dismissing the case and denying Petitioner's motions to reconsider, Petitioner has not shown that the Parole Commission did not have a rational basis for its decision. *See Misasi v. United States Parole Comm'n*, 835 F.2d 754, 758 (10th Cir. 1987) ("A court of review need only determine whether the information relied on by the Commission is sufficient to provide a factual basis for its reasons. The inquiry is not whether the Commission's decision is supported by the preponderance of the evidence, or even by substantial evidence; the inquiry is only whether there is a rational basis in the record for the Commission's conclusions embodied in its statement of reasons") (quotation omitted).

Petitioner's Motion to Reopen will be denied. In light of that denial, no purpose would be served in permitting Petitioner to amend his claim to add allegations concerning

the alleged perjury by Janssen.[2]  In addition, because I decline to reopen this case, the Motion for Joinder of Remedies, in which Petitioner asks to consolidate this case with Civil Action No. 05-cv-370-OES, will be denied.[3]

Accordingly, it is ordered:

1. Petitioner's Motion to Reopen and Impeach Judgment, filed June 13, 2005, is denied.

2. Petitioner's untitled motion to amend, filed June 13, 2005, is denied.

3. Petitioner's Motion for Joinder of Remedies, filed June 13, 2005, is denied.

4. Petitioner's Motion to Correct Mistake, filed July 18, 2005, is denied as moot.

DATED at Denver, Colorado, on October 4, 2005.

BY THE COURT:

/s/ Walker D. Miller
United States District Judge

---

[2]  On July 18, 2005, Petitioner filed a Motion to Correct Mistake, asserting that his motion to amend should be made pursuant to Fed. R. Civ. P. 15(c)(2) (allowing amendment to relate back to original pleading) rather than 15(a).  There is no purpose in allowing Petitioner to amend, whether the amendment relates back or not.  Because I will deny the motion to amend, the motion to correct is moot.

[3]  On June 17, 2005, Judge Zita Weinshienk issued an order dismissing Civil Action No. 05-cv-370-OES.