IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Civil Action No. 01-cv-01965-WDM-MJW

JAMES BLUE THUNDER,

    Petitioner,

v.

E. J. GALLEGOS,
E. MAUREEN JANSSEN,
DAVE JOHNSON, and
U.S. PAROLE COMMISSION,

    Respondents.

---

**ORDER**

---

Miller, J.

    Petitioner James Blue Thunder has filed *pro se* on January 11, 2006, a Motion for Relief from Judgment. Petitioner asks me to reconsider and vacate my May 17, 2002, order denying him habeas corpus relief. Petitioner seeks relief pursuant to Fed. R. Civ. P. 60(b)(6). I must construe the motion liberally because Petitioner is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, I should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the motion will be denied.

    In his original habeas petition, filed pursuant to 28 U.S.C. § 2241, Petitioner challenged a 1998 decision by the United States Parole Commission revoking his parole. In the Motion for Relief from Judgment, Petitioner seeks to challenge the 1998

parole revocation pursuant to the United States Supreme Court's decision in **United States v. Booker**, 125 S. Ct. 738 (2005).

Rule 60(b)(6) permits the court to relieve a party from a final judgment for "any other reason justifying relief from the operation of the judgment." A Rule 60(b)(6) motion must be made within a reasonable time. Relief under Rule 60(b) "is extraordinary and may only be granted in exceptional circumstances." **Searles v. Dechant**, 393 F.3d 1126, 1131 (10th Cir. 2004) (quotation omitted). I may grant relief from judgment under Rule 60(b)(6) "only when it offends justice to deny such relief." **Id.** (quotation omitted).

Assuming the rule in **Booker** applies to Petitioner's parole revocation, the claim lacks merit because the rule in **Booker** does not apply retroactively. **United States v. Bellamy**, 411 F.3d 1182, 1188 (10th Cir. 2005). Petitioner concedes that **Booker** was decided long after his parole was revoked in 1998. Therefore, the Motion for Relief from Judgment will be denied. Accordingly, it is

ORDERED that the Motion for Relief from Judgment filed January 11, 2006, is denied.

DATED at Denver, Colorado, this 18th day of January, 2006.

BY THE COURT:

WALKER D. MILLER
United States District Judge

2