IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
SENIOR JUDGE WALKER D. MILLER

Civil Action No. 01-cv-01965-WDM-MJW

JAMES BLUE THUNDER,

    Petitioner,

v.

E. J. GALLEGOS, et al.,

    Respondents.

_____

**ORDER ON MOTION FOR RELIEF FROM JUDGMENT
PURSUANT TO FED. R. CIV. P. 60(b) and MOTION TO AMEND**
_____

Miller, J.

    This matter is before me on Petitioner's Motion to Amend (ECF No. 89), Motion for Relief from Judgment (ECF No. 90), and second Motion to Amend (ECF No. 93). Petitioner is an incarcerated prisoner who was previously released on parole. In 1998, the United States Parole Commission revoked his parole. In these various motions, Petitioner seeks to reopen a previously-filed and resolved habeas petition to make similar and new arguments regarding alleged defects in the revocation proceedings. For the reasons that follow, Petitioner's motions will be denied.

    I take the following information from *Blue Thunder v. United States Parole Comm'n*, 165 Fed.Appx. 666, 667 (10th Cir. 2006):

> Petitioner was convicted of first degree murder in 1978 for killing his former wife. *See United States v. Blue Thunder*, 604 F.2d 550, 552 (8th Cir.1979). Although he was sentenced to life imprisonment, petitioner was paroled in 1995. His parole was revoked in 1998, after he was charged with defrauding the

>Veteran's Administration; violating the special conditions of his release; assaulting his current wife and her children; sexually assaulting his wife's daughter; and having unlawful sexual contact with a four-year old girl.

I denied Petitioner's original habeas petition, filed pursuant to 28 U.S.C. § 2241, in an order dated May 17, 2002. ECF No. 71. Petitioner thereafter filed a motion to reconsider, which I denied on November 6, 2002. Petitioner filed yet another set of motions to reconsider in 2005, which I denied by order dated October 4, 2005. ECF No. 86. Petitioner filed another motion for relief from judgment on January 11, 2006, which I denied as well. ECF No. 88. Petitioner also apparently filed another petition for writ of habeas corpus in the United States Court for the District of Columbia in June 2004, which was denied as a successive abusive writ. *Blue Thunder,* 165 Fed. Appx. at 667-68. Now, approximately nine years after judgment was entered in this case, Petitioner again seeks to relitigate the revocation of his parole. As discussed below, I conclude that the motions should be denied as untimely, successive, and lacking merit.

First, to the extent that Petitioner seeks to reopen these proceedings based on Rule 60(b), his motion is untimely. Claims pursuant to Rule 60(b)(4) and (6) must be filed within a "reasonable" time and nine years is not reasonable, particularly given the lack of any explanation for such a delay. *Sorbo v. United Parcel Serv.,* 432 F.3d 1169, 1178 (10th Cir. 2005) (finding no abuse of discretion in trial court's determination that 60(b) motion filed within one year was untimely where plaintiff offered no justification for the delay).

Second, Petitioner's arguments essentially amount to a successive or second habeas petition in which he challenges the validity of the Parole Commission's decision to revoke his parole. Although Petitioner filed a number of different documents, he basically

asserts two legal arguments in support of his request for relief: (1) that the crimes of which he was accused were only ordinances which fell under tribal sovereignty jurisdiction and therefore the Parole Commission did not have jurisdiction to revoke his parole; and (2) Petitioner's Veteran's Administration ("VA") benefits are by law exempt from levy, and so his agreement to submit his income to a halfway house (a special condition of parole) was void from the outset and his failure to abide by this agreement could not support the revocation of his parole. It appears that Petitioner raised a form of his jurisdictional argument in previous petitions, although he claims now that this concerns subject matter jurisdiction and not personal jurisdiction, which was previously addressed. His argument that his VA benefits were exempt appears to be raised here for the first time.

These are all arguments that were or could have been raised in his previous petition and, unless Petitioner can show cause and prejudice for the failure to do so, are barred as an abuse of the writ. *Stanko v. Davis*, 617 F.3d 1262, 1270-71 (10th Cir. 2010) (interpreting the Antiterrorism and Effective Death Penalty Act, Pub. L. 104-132, 110 Stat. 1214 (1996) and previous case law to conclude that second or successive § 2241 petitions may be dismissed under abuse of the writ principles). Claims that may be considered the same as those raised in previous petitions, even when supported by different arguments, may be properly dismissed as successive. *Id.* at 1270. New claims that could have been raised in the earlier petition may also be dismissed provided the Petitioner is first given notice and the opportunity to respond. *Id.* at 1271.

Although Petitioner attempts to restyle his claim regarding tribal sovereign jurisdiction as a new argument, it appears that the issue has been raised before and adequately addressed. Accordingly, it may be dismissed as successive. Moreover, the

3

argument fails on the merits.  The Parole Commission did not prosecute Petitioner for his alleged tribal law violation and the sovereignty of the tribal court is not at issue.[1]  Rather, the commission merely determined that Petitioner had failed to comply with the terms of his parole.  As noted by the Ninth Circuit,

> Revocation of parole or probation is regarded as reinstatement of the sentence for the underlying crime, not as punishment for the conduct leading to the revocation.  Parole and probation are part of the original sentence. Their continuance is conditioned on compliance with stated conditions-if the defendant does not comply with those conditions, parole and probation may be revoked. Revocation does not extend the original sentence, it simply alters the conditions under which it is served. The fact that the events which lead to revocation may also constitute a second crime does not mean the revocation itself is punishment for the second crime.

*United States v. Brown*, 59 F.3d 102, 104-5 (9th Cir. 1995) (citations omitted).

With respect to Petitioner's second argument, that his VA benefits were exempt, I would typically order Petitioner to show cause why his motions should not be dismissed as successive and abusive.  However, as discussed below, because Petitioner's claims also fail on the merits, even if Petitioner could show cause for the delay I conclude that his motions should nonetheless be denied.

Petitioner was placed in a halfway house in the course of his parole; a condition of residing in the halfway house was that he agree to submit any income received to an account kept for him for documentation purposes.  Petitioner failed to report or submit

---

[1] Petitioner also argues that because he was not arrested for the crime by any local authorities the Parole Commission could not revoke his parole, citing a regulation that concerns the reporting of violations.  The regulation does not require an arrest before parole can be revoked, it merely states that arrests should be immediately reported to the Parole Commission but that probation officers otherwise have discretion regarding other violations.  See Exh. A to Petitioner's Motion to Amend, ECF No. 89.

certain travel reimbursements he received from the VA.[2] He now argues that his VA benefits were non-assignable and exempt from "attachment, levy, or seizure by or under any legal or equitable process whatever . . .," citing 38 U.S.C. § 5301(a)(1). Even if Petitioner were correct as to the applicability of this statute, there were other adequate grounds for the Parole Commission to find that Petitioner had violated the conditions of his parole. Under the deferential standard I apply to such decisions, Petitioner's argument would not have changed my ruling on the original habeas petition. *Peltier v. Booker*, 348 F.3d 888, 892-93 (10th Cir. 2003) ("[t]he inquiry is not whether the Commission's decision is supported by the preponderance of the evidence, or even by substantial evidence; the inquiry is only whether there is a rational basis in the record for the Commission's conclusions embodied in its statement of reasons.") (*quoting Solomon v. Elsea*, 676 F.2d 282, 290 (7th Cir. 1982)).

Accordingly, it is ordered:

1. Petitioner's Motion to Amend (ECF No. 89), Motion for Relief from Judgment (ECF No. 90), and second Motion to Amend (ECF No. 93) are denied.

DATED at Denver, Colorado, on April 6, 2011.

BY THE COURT:

s/ Walker D. Miller
United States Senior District Judge

---

[2] He was also found to have improperly obtained the travel reimbursements, which formed another basis for the revocation.